IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SARAH GOSVENOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cv-2578-JAR-TJJ |
| ) | |
| UNITED STATES POSTAL MASTER, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

Plaintiff filed this action against the United States Postal Master pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e), alleging claims of sex discrimination, hostile work environment, and retaliation.  This matter is presently before the Court on the parties' Joint Motion to Stay Discovery (ECF No. 12).  The parties request an order staying their Rule 26 obligations, deadlines set forth in the Initial Order Regarding Planning and Scheduling (ECF No. 11), and discovery pending the Court's ruling on Defendant's Motion to Dismiss (ECF No. 9).  Although the motion to stay was jointly filed and may be decided as unopposed, the Court independently reviews the motion.  For the reasons stated below the Court grants the parties' Joint Motion to Stay, and stays all Rule 26 obligations, deadlines set forth in the Initial Order Regarding Planning and Scheduling (ECF No. 11), and discovery pending further order of the Court.

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1]  The Tenth Circuit, however, has held that "the right to proceed in

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).  *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (district court has broad discretion to stay proceedings as an incident to its power to

court should not be denied except under the most extreme circumstances."[2] A stay is not favored because it can delay a timely resolution of the matter.[3] To that end, as a general rule, courts in the District of Kansas disfavor staying pretrial proceedings even though dispositive motions are pending.[4]

Although the general policy of this district is to proceed with discovery despite pending dispositive motions, there are recognized exceptions to this general rule.[5] A stay pending a ruling on a dispositive motion is appropriate if the case is likely to be finally concluded by a ruling on the dispositive motion, the facts sought through remaining discovery would not affect the ruling on the dispositive motion, or discovery on all issues in the complaint would be wasteful and burdensome.[6] A stay may also be appropriate if the party requesting the stay has asserted absolute or qualified immunity in its dispositive motion.[7]

---

control its own docket).

[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[3] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

[4] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[5] *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[6] *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

[7] *Behrens v. Pelletier*, 516 U.S. 299, 305–07 (1996) (holding that immunity is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the . . . immunity question"); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (noting, "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (holding that when a defendant asserts qualified immunity, the court should

The Court finds that the parties have shown a stay is appropriate in this matter. Though the pending motion to dismiss does not raise issues of absolute or qualified immunity, it does raise issues such as failure to exhaust administrative remedies and argues Plaintiff failed to state a claim. A ruling on the motion to dismiss could either dismiss the case entirely, or significantly narrow Plaintiff's claims.[8] Allowing discovery on *all* issues prior to the ruling on the motion to dismiss would be wasteful and burdensome.[9] The Court therefore finds a stay of the parties' Rule 26 obligations, deadlines set in the Initial Order Regarding Planning and Scheduling, and discovery "will conserve time and expense both for the Court and the parties until the resolution of the motion to dismiss clarifies precisely which claims will survive" and is appropriate in this matter.[10]

**IT IS THEREFORE ORDERED** the Parties' Joint Motion to Stay Proceedings (ECF No. 12) is GRANTED, and the parties' Rule 26 obligations, deadlines set in the Initial Order Regarding Planning and Scheduling, and discovery are stayed pending further order of the Court.

**IT IS FURTHER ORDERED** that the August 5, 2025 Scheduling Conference is cancelled.

**IT IS SO ORDERED**.

Dated July 15, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

grant the defendant's request for a stay of discovery until the immunity issue is resolved).

[8] *See VanHorn v. United States Postal Serv.*, No. 21-1067-DDC-GEB, 2021 WL 3722275, at *1 (D. Kan. Aug. 23, 2021).

[9] *See Coffman v. Hutchinson Cmty. Coll.*, No 17-4070-SAC-GEB, 2018 WL 994707, at *3 (D. Kan. Feb. 21, 2018).

[10] *VanHorn*, No. 21-1067-DDC-GEB, 2021 WL 3722275, at *1.